UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL RUIZ RIVERA,

             Plaintiff(s),

v.

DOW LOHNES & ALBERTSON;
RAUL SANTIAGO MELENDEZ, ESQ.;
WALESKA MARRERO MELECIO, ESQ.,
CHARLES CANDELARIA FARULLA, ESQ.;
BENNY FRANKIE CEREZO, ESQ.; BALBER,
PICKARD, BATTISTONI, MALDONADO &
VAN DER TUIN; SCHUSTER USERA &
AGUILO; and UNKNOWN INSURANCE
COMPANIES,

             Defendant(s).

Civil No.  10-2114 (DRD)

**OPINION AND ORDER**

Pending before the Court are several motions, to wit: (a) *Dow Lohnes, PLLC's Motion to Dismiss Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and (6)*, Docket No. 11; (b) *Notice of Voluntary Dismissal*, Docket No. 16; (c) *Opposition to Voluntary Dismissal Without Prejudice*, Docket No. 17; (d) *Informative Motion*, re: voluntary dismissal filed by plaintiff, Docket No. 18; (e) *Dow Lohnes PLC's Opposition to Plaintiff's Motion for Voluntary Dismissal*, Docket No. 19; (f) *Motion to Pray for the Transfer of the Action,* filed by plaintiff, Docket No. 23; (g) *Motion to Comply with Court's Order*, Docket No. 20; (h) *Motion to Amend Motion for Voluntary Dismissal*, Docket No. 24; (i) *Reiterated Motion to Request the Consolidation of Related Civil Actions,* filed by plaintiff, Docket No. 28; (j) *Motion to Request the Dismissal Without Prejudice of the Instant Civil Action*, filed by plaintiff, Docket No. 29; (k) *Opposition to Docket No. 29 and Informative Motion Regarding Plaintiff's Filing of Action in State Court*, Docket No. 30; (l) *Motion in*

*Opposition to Dow Lohnes & Albertson Motion to Dismiss*, filed by plaintiff, Docket No. 31; (m) *Informative Motion Regarding Stay of State Court Proceedings Pending Resolution of Dow Lohnes' Motion to Dismiss filed in the Present Case*, Docket No. 34.  For the reasons set forth below, plaintiff's *Motion to Amend Motion for Voluntary Dismissal*, Docket No. 24, is granted, and the instant action is dismissed without prejudice.

### Factual and Procedural Background

The instant case was filed on November 12, 2010, and federal jurisdiction is based on diversity *albeit* this action is indeed a legal malpractice suit against several law firms from both Puerto Rico and continental United States.  The Court is familiar with plaintiff Angel Ruiz Rivera (collectively "Ruiz Rivera" or "plaintiff"), as Ruiz Rivera has filed at least 16 or more actions in our district, not to mention other proceedings filed in federal courts in other districts, as well as the United States Court of Appeals for the First Circuit ("First Circuit"), and the Supreme Court of the United States.  *See Complaint*, Docket No. 1, page 17, and the *Order* of April 19, 2011, Docket No. 9.

A review of the docket shows that the plaintiff is domiciled in Puerto Rico, and several defendants which are also citizens of Puerto Rico.  On May 10, 2011, plaintiff had informed the Court that his request for voluntary dismissal should be granted without prejudice based on the *Judgment* entered by the United States Court of Appeals for the First Circuit, in the Appeal No. 10-1308, *Angel Ruiz Rivera, et al. v. U.S. Department of Education, et al.*, on September 21, 2010, wherein the First Circuit vacated the judgment issued by the district court of Puerto Rico in a parallel case, dismissing the case with prejudice, based on the provisions of Rule 41(a)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the First Circuit citing *Universidad Central del*

*Caribe, Inc. v. Liason Committee on Medical Education*, 760 F.2d 14 (1ˢᵗ Cir.1985).  *See* Docket No. 18.

The record shows that plaintiff requested the consolidation of the instant action with two other actions pending in our district, to wit: (a) *Instituto de Educación Universal and Angel Ruiz Rivera, et al. v. U.S. Department of Education*, Civil No. 96-1893 (JAF); (b) *Instituto de Educación Universal and Angel Ruiz Rivera, et al. v. U.S. Department of Education*, Civil No. 98-2225 (JAF), which were eventually consolidated after final judgment was entered in both cases.  *See* Docket No. 108, Civil No. 98-2225 (JAF).  The Court further notes yet another case filed by *Angel Ruiz Rivera, Instituto de Educación Universal v. Russell Wolff, et al.*, Civil No. 09-1873 (FAB), which was dismissed with prejudice.  *See Judgment*, Docket No. 25, Civil No. 09-1873 (FAB).  The judgment was appealed, and the First Circuit vacated the district court judgment and remanded in order to dismiss without prejudice, based upon the provisions of Fed.R.Civ.P. 41(a)(1), and the First Circuit citing *Universidad Central del Caribe, Inc. v. Liason Committee on Medical Education*, 760 F.2d 14 (1st Cir.1985).  *See Amended Judgment*, Docket No. 36, Civil No. 09-1873 (FAB).  The Court, however, finds relevant to review the procedural history of Civil No. 96-1893 (JAF), and Civil No. 98-2225 (JAF).

In *Instituto de Educación Universal and Angel Ruiz Rivera, et al. v. U.S. Department of Education*, Civil No. 96-1893 (JAF), the record shows that the district court entered judgment in favor of the defendant.  However, six appeals have been taken by Ruiz Rivera, and the last one is still pending.[1]

---

[1]  The Court notes that, as of this date, Ruiz Rivera has filed thirteen (13) appeals before the First Circuit.  Six of these appeals, to wit, Appeals No. 97-2205; 98-1607; 98-1660; 99-1398; 99-1544; 11-2337, were taken from Civil No. 96-1893 (JAF), being the last Appeal No. 11-2337 filed on November 14, 2011.  The

In a separate action but same parties, *Instituto de Educación Universal and Angel Ruiz Rivera, et al. v. U.S. Department of Education*, Civil No. 98-2225 (RLA) (JAF), the district court granted summary judgment on behalf of the defendants, and ordered plaintiffs to pay defendants the amount of $2,725,879.00 in assessed liabilities and $150,000.00 in fines. *See Final Judgment* entered on October 26, 2004, Docket No. 70, Civil No. 98-2225 (JAF). The district court judgment was affirmed by the First Circuit, as the appeal was tardy. *See Instituto de Educación Universal; Angel Ruiz Rivera v. U.S. Department of Justice*, Appeal No. 05-1775, *Judgment* entered on May 11, 2006.[2] The First Circuit specifically provided in its *Judgment* that:

> ... Ruiz Rivera filed the motion on behalf of himself only, and, even if he were attempting to raise arguments on behalf of IEU, the motion still would be ineffective as to IEU. *See Instituto de Educación Universal Corp. v. United States Department of Educ.*, 209 F.3d 18, 22 (1st Cir.2000) ("a non-lawyer may not represent a corporation in ongoing [legal] proceedings"). . . .

Notwithstanding, Ruiz Rivera filed another case on August 31, 2009, *Ruiz Rivera and Instituto de Educación Universal v. Russell Wolff*, Civil No. 09-1873 (FAB), which was dismissed with prejudice on January 27, 2010. *See* Docket No. 25, Civil No. 09-1873 (FAB). Upon remand from the First Circuit, an *Amended Judgment* was entered dismissing the case without prejudice. *See Amended Judgment* entered on November 30, 2010, Docket No. 36, Civil No. 09-1873 (FAB).

The record further shows that on that same date, that is, January 27, 2010 when Civil No. 09-1873 (FAB) was dismissed with prejudice, Ruiz Rivera filed yet another action before the

---

appeals record shows that Appeal No. 11-2337 is pending before the Court.

[2]     The First Circuit record shows that Ruiz Rivera has taken three appeals from Civil No. 98-2225 (JAF), to wit, Appeals No. 99-1628; 05-1775; 06-1562.

United States District Court for the District of Colombia, Civil No. 10-00157 (RBW).[3]  *See* Docket

No. 97, Civil No. 96-1893 (JAF).[4]

In the case at bar, plaintiff has filed three motions moving the Court for voluntary dismissal

without prejudice.  *See* Docket entries No. 16, 24, 29.  Plaintiff Ruiz Rivera moved to dismiss the

instant action on the grounds that plaintiff wishes to file an action in state court.  *See* Docket No. 16.

On August 8, 2011, Ruiz Rivera moved the Court to amend his motion for voluntary dismissal, in

order "to exclude from it the Defendants for which there is diversity of citizenship, that is, previously

Dow Lohnes & Albertson (DLA); presently Dow Lohnes Law Firm; Michael Goldstein, Esq.;

Yolanda Gallegos, Esq., and Sherry Mastrostefano, Esq. of DLA, and previously Balber Pickard

Battistoni Maldonado & Van Der Tuin Law Firm (BPBMVDT); Balber Pickard Maldonado & Van

Der Tuin (BPMVDT) Law Firm, and Roger Maldonado, Esq. of both."  However, plaintiff reiterated

that the "Motion For Voluntary Dismissal then remains intact for the Defendants that reside within

this District."  *See* Docket No. 24.

On October 14, 2011, plaintiff filed a complaint in the Superior Court of the Commonwealth

of Puerto Rico, San Juan Part, Civil No. KAC2011-1122 (908), against several defendants, which

are also defendants in the case at bar.  In view of the fact that there are several dispositive motions

pending in the instant case, the state court graciously stayed the proceedings until March 13, 2012.

---

[3]      Ruiz Rivera has also filed other actions before the United States District Court for the District of Columbia, to wit, Civil No. 07-00019 (RBW); Civil No. 08-1560 (RBW); Civil No. 09-1700 (RBW).  *See Complaint*, Docket No. 1, page 17.  Ruiz Rivera also alleged that "Plaintiff is in the process of filing a Petition For Certiorari to the U.S. Supreme Court of 08-1560." *Id.*

[4]      The Court notes that the proceedings summarized herein are not all the proceedings filed by Ruiz Rivera in this district.  The record shows that on March 10, 2011, another action was filed by Ruiz Rivera against the Puerto Rico Department of Family, Civil No. 11-1252 (MEL).  The case was also dismissed without prejudice.  The Court further notes that there is a pattern in the actions filed by Ruiz Rivera, that is the filing of notices of voluntary dismissal without prejudice, which allows Ruiz Rivera the opportunity of more filings, unless the court sanctions this conduct.

*See* Docket No. 34-1.

On November 21, 2011, Ruiz Rivera filed another *Motion To Request The Dismissal Without Prejudice Of The Instant Action*, Docket No. 29, on the following grounds: (a) plaintiff is faced "with the lack of complete diversity among all the Defendants ... and have ... no other alternative than to file this civil action suit in state court;" (b) since this Court has not ruled on the merits in the instant case, plaintiff moves for the dismissal without prejudice; and (c) plaintiff based his request on the following case law, *Younger v. Harris*, 401 U.S. 37 (1971); *Guillermard Ginorio v. Contreras Gómez*, 585 F.3d 508 (1st Cir.2009).

### Applicable Law and Discussion

#### *Federal Jurisdiction*

The federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The federal district courts also have federal jurisdiction when there is an action involving citizens of different States, and wherein the amount in controversy exceeds the sum of $75,000.00.  28 U.S.C. § 1332(a)(1).[5]  *See also Meléndez García v. Sánchez*, 629 F.3d 25 (1st Cir.2010).

In the instant case, plaintiff has moved to dismiss the action against all the defendants that are citizens of different States and those domiciled in Puerto Rico, as there is no federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Hence, the Court is forced to dismiss the instant action without prejudice, as to all the defendants for lack of federal diversity jurisdiction, as provided by

---

[5]       28 U.S.C. § 1332(a)(1) provides in its relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
        (1) citizens of different States; ...

6

28 U.S.C. § 1332(a)(1).

Defendants, however, has moved the Court to dismiss the instant action with prejudice, generally, on the following grounds: (a) Ruiz Rivera's abusive litigation practices; (b) the instant action is directly intertwined with all the prior actions in which IEU and/or Ruiz Rivera were parties; and (c) Ruiz Rivera has filed the instant action on a *pro se* basis, and in his personal capacity, and as such, Ruiz Rivera does not have any contractual relationship with Dow Lohnes.  *See* Docket entries No. 11, 17 and 34.  The Court agrees and briefly explains.

### Sanctions

It is settled that under Fed.R.Civ.P. 11, the courts have ample discretion to impose sanctions provided that they are reasonable, particularly when the court is faced with a "recalcitrant" and/or unhappy litigator who refuses to comply with the orders of the court and/or the applicable law.  *See Jones v. Thompson*, 996 F.2d 261, 264, 266 (10th Cir.1993).  The Court held:

> Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Turnbull v. Wilcken*, 893 F.2d 256, 258-59 (10th Cir.1990).
>
> . . .
>
> We must examine whether by this dismissal the district court abused its discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (per curiam); *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987).
>
> Our examination is guided by principles recently enunciated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992).  In *Ehrenhaus*, this court characterized dismissal with prejudice as "an extreme sanction" and cautioned district courts to consider a number of factors before choosing dismissal as a just sanction.  *Id.* at 920-21.  These

factors include (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Id.* at 921.

. . .

Dismissing a case with prejudice serves at least two purposes.  It penalizes the party whose conduct warrants the sanction and discourages "those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey Club, Inc.*, 427 U.S 639, 643 (1976) (per curiam).  The record clearly shows the Plaintiffs flouted numerous court orders, failed to prosecute their case, and abused the discovery process.  That the Plaintiffs did not have benefit of counsel at various times was a problem of their own making. Their conduct warrants the sanction imposed and we therefore affirm the district court's dismissal of the Plaintiffs' claims against the Defendants.

In the instant case, the Court finds that plaintiff Ruiz Rivera meets all five factors.  As to the first factor, the Court finds that plaintiff Ruiz Rivera has filed 16 or more proceedings in this district in addition to other complaints filed in federal courts of other districts, as well as the First Circuit, and most recently an action filed in state court.  This fact by itself constitutes prejudice to the defendants, as these actions have been duly resolved in the merits.  The problem lies on the fact that Ruiz Rivera's disagrees with the rulings of the court, and resorts to several litigation tactics with the sole purpose of avoiding a dismissal with prejudice that would close the doors in federal court to continue litigating these intertwined actions.

As to the second factor, that is, interference with the judicial process, it is clear that plaintiff Ruiz Rivera has no respect whatsoever for the judicial system, and does not hesitate to refuse to comply with the courts' orders.  A clear example is the action filed by Ruiz Rivera before the United States District Court for the District of Columbia, on the same date that the

8

Hon. Francisco A. Besosa dismissed with prejudice Civil No. 09-1873 (FAB).  Even more critical is the fact that Ruiz Rivera may have more than one active judicial proceedings pending in several federal courts at the same time, and plaintiff purposely avoid to inform the Court that said proceedings are pending.  For example, Ruiz Rivera's appeal of Civil No. 09-1873 (FAB), which was running parallel to Civil No. 10-00157 before the Hon. Reggie B. Walton, or Appeal No. 11-2337, just to name a few.

Regarding the third factor, the culpability of the litigant, the record simply speaks for itself. Plaintiff Ruiz Rivera has not prevailed in any of the proceedings filed in every forum, being administrative, federal, and appellate forums.  The Court notes that the action filed on October 2011 in state court is still pending.  The record is clear that Ruiz Rivera has used every tool in the book to trick the courts into ruling on matters that are res judicata, collaterally estopped and/or time barred.  The Court finds that plaintiff Ruiz Rivera does not have clean hands in the instant action, as plaintiff is now suing the law firms that represented the IEU for alleged legal malpractice, as the results of the litigation were non-satisfactory to the IEU.

The fourth factor refers to whether or not the court warned the litigant in advance that dismissal of the action would be a sanction for noncompliance.  There are at least two clear examples of courts' warnings to Ruiz Rivera.  Firstly, on Appeal No. 99-1398, *Order* of October 25, 2000 by **"Chief Judge Juan R. Torruella, Senior Circuit Judge Frank M. Coffin, Judge Bruce M. Selya. Upon consideration, It is ordered that appellant's motion for reconsideration is denied.  As this is appellant's <u>fourth challenge</u> to the court's April 12, 2000 judgment, the clerk is hereby directed to accept no further filings from petitioner in this matter.  It is so ordered."** (Emphasis ours).  Secondly, on Appeal No. 05-1775, Civil No. 98-2225 (JAF), *Judgment* of May 10, 2006,

9

**"Ruiz Rivera filed the motion on behalf of himself only, and, even if he were attempting to raise arguments on behalf of IEU, the motion still would be ineffective as to IEU.** *See Instituto de Educación Universal Corp. v. United States Department of Educ.***, 209 F.3d 18, 22 (1ˢᵗ Cir.2000) ("a non-lawyer may not represent a corporation in ongoing [legal] proceedings")**." (Emphasis ours).

Lastly, the fifth factor is the consideration of lesser sanctions. The courts' records are the best evidence that, lesser sanctions are not warranted at this stage of the proceedings. The moment has come to put a stop to a defiant plaintiff who refuses to accept the rulings of the courts.

In *Cooter & Gell v. Hartmax Corporation, et al.*, 496 U.S. 384, 397-398 (1990), the Court held:

> Both Rule 41(a)(1) and Rule 11 are aimed at curbing abuses of the judicial system, and thus their policies, like their language, are completely compatible. Rule 41(a)(1) limits a litigant's power to dismiss actions, but allows one dismissal without prejudice. Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. **The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. As noted above, a voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct.**
>
> . . .
>
> **We conclude that petitioner's voluntary dismissal did not the District Court of jurisdiction to consider respondents' Rule 11 motion**. (Emphasis ours).

10

*See also Bolivar v. Pocklington*, 975 F.2d 28 (1ˢᵗ Cir.1992); *Pavilonis v. King, et al.*, 626 F.2d 1075 (1ˢᵗ Cir.1980), *cert. denied*, 449 U.S. 829 (1980); *Colida v. Panasonic Corp. of North America*, 2011 WL 1743383 (N.D.Ill. May 3, 2011)).

Notwithstanding the procedural history of Angel Ruiz Rivera, who blatantly defies and refuses to comply with the orders of the Court, and continues to pursue the filing of actions in a clear abuse of litigation practices, and in total disrespect for the judicial resources, this Court is forced to dismiss without prejudice for lack of federal diversity jurisdiction.  In view of the fact that the defendants in the instant case are not parties in prior proceedings, the Court is forced to dismiss without prejudice.

The Court finds, however, that there is a second ground for dismissal.  After a review of the *Complaint*, and the record, the Court finds that Ruiz Rivera does not have an attorney-client relationship with Dow Lohnes or any of its members.  *See* the Dow Lohnes' engagement letter of March 15, 1995, which was addressed to Angel Ruiz Rivera, as President of Instituto Educación Universal ("IEU"), and was signed by Ruiz Rivera, as President of the IEU on March 27,1995, attached with the requested retainer of $20,000.00 payable to Dow Lohnes, by check issued by the IEU, on March 23, 1995, No. 5418, in the amount of $20,000.00.[6] *See* Docket No. 11-1. Moreover, a review of the Dow Lohnes' engagement letter clearly shows that legal services were clearly intended to be provided to the IEU only, as the letter is silent as to any legal services to be provided to Ruiz Rivera in his personal capacity nor as President of the IEU.  The language of the Dow Lohnes' engagement letter is clear and unambiguous:

I am submitting for your consideration the terms for the engagement

---

[6]    The Court notes that IEU is not a party in the instant action.

> of Dow, Lohnes & Albertson (DL&A) **as special counsel to the Institute** respecting its continued participation in the federal programs of student financial assistance pursuant to Title IV of the Higher Education Act of 1965, as amended, including the pending demand for surety in the amount of $8,825,000; the approval of an additional teaching location in Caguas; and the resolution of pending Inspector General audit.
>
> . . .
>
> As we discussed, because we are aggressive advocates, the integrity of our clients is very important to us.  We therefore ask, as a condition of our undertaking this engagement, your express representation that to the best of your knowledge neither the Institute nor its officers, directors or principal management have engaged in willful misrepresentation or intentional misuse of federal funds.  Our engagement is with your understanding and consent that we will withdraw from this engagement if we subsequently determine on the basis of the facts available to us that your representation in this regard is materially inaccurate.  (Emphasis ours).

Nowhere in the engagement letter, Mr. Michael B. Goldstein, Partner In Charge of Dow Lohnes, provides for Ruiz Rivera's legal representation in his personal capacity, as alleged by plaintiff in the *Complaint*, Docket No. 1, ¶ 1.  Moreover, the language of the engagement letter is silent as to providing legal representation to the IEU in any legal action, as well as to Ruiz Rivera.  Even assuming *arguendo* that the defendants agreed to provide legal services to Ruiz Rivera in his personal capacity, plaintiff is impaired to represent a corporation, *see Judgment* of May 10, 2006, Appeal No. 05-1775, and citing *Instituto de Educación Universal Corp. v. United States Department of Education*, 209 F.3d 18, 22 (1st Cir.2000) ("a non-lawyer may not represent a corporation in ongoing [legal] proceedings").  The Court is simply flabbergasted and frustrated by plaintiff creating fictitious federal jurisdiction as to himself and continental counsel, when by now he knows that the proper party to sue is the IEU.  Plaintiff knows this fact since the year 2000, *see Instituto de*

*Educación Universal Corp. v. United States Department of Education, et al.*, 209 F.3d at 22.

In the instant action, the *Complaint* shows that plaintiff Ruiz Rivera is appearing *pro se* and in his personal capacity.  *See* Docket No. 1, page 1.  Hence, the dismissal of the instant action is also warranted, as the Court finds that there is no federal hook between Ruiz Rivera and the defendants.

### A Final Note

The dismissal without prejudice, however, does not preclude this Court from sanctioning Ruiz Rivera under Fed.R.Civ.P. 11 and 41(a)(1), in the instant case.  The Court finds that sanctions are warranted *albeit* the dismissal without prejudice, as the Court can no longer assume a passive, non-responsive reaction to the kind of abusive litigation practices used by defiant Angel Ruiz Rivera. The dismissal without prejudice is warranted simply because this is the first time that Ruiz Rivera filed an action against these defendants, and secondly, because Ruiz Rivera dismissed the action against all the defendants forcing the dismissal without prejudice of the instant action for lack of federal diversity jurisdiction.   The Court finds that Ruiz Rivera does not have any contractual relationship with defendants Dow Lohnes and any of its members.  Lastly, the Court further finds that Ruiz Rivera's ultimate goal is to re-litigate the action against the United States Department of Education since its inception all over again.  *See* plaintiff's *Motion In Opposition To Dow Lohnes & Albertson Motion To Dismiss*, Docket No. 31.  However, the bus stops here.

As a final note, Ruiz Rivera is reminded that the instant case is to be dismissed without prejudice.   Hence, plaintiff's "free ride" for one dismissal without prejudice under Fed.R.Civ.P. 41(a)(1), has now been used.  If plaintiff files another action against the same herein defendants, plaintiff may be exposed to a dismissal with prejudice.  *See Cooter & Gell v. Hartmax Corporation, et al.*, 496 U.S. at 397-398; *Pavilonis v. King, et al.*, 626 F.2d 1075.  Plaintiff Ruiz

Rivera is also impaired to appear *pro se* in this case or in any other action seeking a remedy on behalf of IEU's claims.  *See Instituto de Educación Universal Corp. v. United States Department of Education*, 209 F.3d 18, 22;  and *In re Las Colinas Development Corp.*, 585 F.2d 7, 11 (1st Cir.1978) (reaffirming the general rule that a corporation may not pursue litigation except by counsel).

### Conclusion

In view of the foregoing, the instant action is dismissed without prejudice for lack of federal diversity jurisdiction.  However, the Court finds Ruiz Rivera's behavior impermissible and inadmissible.  Hence, the imposition of sanctions is warranted under Fed.R.Civ.P. 11 and 41(a)(1).

As a sanction, however, all lawyers fees and costs incurred by defendants' counsel in the instant case are to be reimbursed to the defendants' counsel.  Counsel for the defendants are to file a sworn statement as to the hours spent and their requested fee per hour.  A sworn affidavit by a non participating counsel is also to be filed, as to the fees charged by counsel.  Costs are also allowed to be included.  *See Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331 (1st Cir.1997). Defendants' counsel are granted 14 days to file their statements of attorneys fees and costs.

The Clerk will send a copy of this opinion to all the Judges of the District of Puerto Rico, and a courtesy copy to the Hon. Iris L. Cancio González, Superior Court Judge of the Commonwealth of Puerto Rico, San Juan Part, Civil No. KAC2011-1122.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of March, 2012.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
United States District Judge

14